E. R. BRALEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17221.   Promulgated January 10, 1929.

*Charles F. Hutchins, Esq.*, for the petitioner.
*Irwin R. Blaisdell, Esq.*, for the respondent.

OPINION.

MARQUETTE: The petitioner contends that he realized no taxable gain from the transaction involved in this proceeding for the reason that the ranch he received in exchange for his property in Pasadena had no readily realizable market value. However, we do not con-sider it necessary to discuss that phase of the case. The transaction

comes squarely within the provisions of section 202 (c) (1) of the Revenue Act of 1921, and article 1566 of Regulations 62, promulgated thereunder, which are as follows:

SEC. 202. (c) For the purposes of this title, on an exchange of property, real personal, or mixed, for any other such property, no gain or loss shall be recognized unless the property received in exchange has a readily realizable market value; but even if the property received in exchange has a readily realizable market value, no gain or loss shall be recognized—

(1) When any such property held for investment, or for productive use in trade or business (not including stock-in-trade or other property held primarily for sale), is exchanged for property of a like kind or use.

ART. 1566. *Exchange of property which results in no gain or loss.*—Where property is exchanged for other property, even if the property received in exchange has a readily realizable market value, no gain or loss is recognized:

(*a*) Where property held for investment is exchanged for other property of a like kind, or where property held for productive use in trade or business is exchanged for other property of a like use. The words "*like kind*" are defined as having reference to the nature or character of the property and not its grade or quality. *Therefore under this paragraph no gain or loss is realized by one other than a dealer from the exchange of real estate for real estate,* or from the exchange of evidences of indebtedness (such as bonds and notes) for evidences of indebtedness, or from the exchange of shares of stock for other shares of stock; but one kind or class of property may not, under this paragraph, be exchanged for property of a different kind or class, as shares of stock for bonds, or real estate for personal property. Where evidences of indebtedness are exchanged for other evidences of indebtedness, the fact that any of the evidences of indebtedness involved in such exchange are secured by mortgage or other lien, *or the fact that any real estate involved in an exchange is improved or unimproved makes no difference, for such facts relate only to grade or quality of the property and not to its kind or class.* There is excluded from the provisions of this paragraph stock-in-trade or other property held primarily for sale. Unproductive real estate held by one other than a dealer, for future use or future realization of the increment in value, is held for investment and not primarily for sale. (Italics ours.)

We are of opinion that the regulation quoted correctly interprets the statute, and that the exchange in question did not result in any taxable gain to the petitioner.

*Judgment will be entered under Rule 50.*